FIRST NATIONAL BANK OF MORRISTOWN, A BODY COR-
PORATE, PLAINTIFF, v. CLIFTON E. TURNER, DE-
FENDANT.

Decided December 29, 1931.

LAWRENCE, C. C. J. This suit came on for trial before me and a jury at the Morris Circuit. At the conclusion of the trial, counsel for defendant moved the direction of a verdict on the ground that no question of fact was involved and that under the law applicable no recovery could be had. At the suggestion of the court, to the end that better oppor-

tunity might be afforded for an examination of the authorities, the case was withdrawn from the jury, pending consideration of the motion, with the understanding that if decided adversely to plaintiff, a *postea* carrying a verdict of no cause of action would be signed and returned for filing.

Plaintiff bank seeks to recover of defendant as an endorser the amount due on a promissory note of the following tenor:

"$10,000.00.        Morristown, N. J., Oct. 1st, 1926.

On demand after date, I promise to pay to the order of myself, ten thousand and 00/100 dollars, at the First National Bank of Morristown. Value received.

(Signed) C. H. Munson."

Indorsed:

C. H. Munson,
Clifton E. Turner.

The note was discounted by the bank at or about its date for Munson, to whom the proceeds were credited. Turner was merely an accommodation endorser concededly having received no benefit. The note was not paid, but it was not formally protested for non-payment until May 12th, 1930, three years, seven months and eleven days after its date. While admitting receipt of the notice of protest on the date indicated, defendant denies liability on the ground that presentment was not made within a reasonable time after its issue. Plaintiff in its reply sets up an alleged waiver on the part of defendant of presentment and protest, and claims the right to recover on that ground, notwithstanding the delay and the later formal presentment and protest.

The evidence at the trial discloses the making of the note by Munson and its discount by the bank at his request, with which defendant appears to have had nothing to do. By reason of some previous or casual acquaintance, he, without being in anywise interested in the purpose to which Munson intended to apply or use the proceeds, at the latter's request endorsed the note as an accommodation.

No communication regarding the note was had by the bank with defendant until May 6th, 1929, when its cashier wrote him that they had tried repeatedly to get Munson to take up the note, without avail, and that they therefore called upon him for its payment. This resulted in an interview between defendant and the vice-president of the bank in which the former indicated that it was not convenient for him to pay the note and some discussion occurred as to his giving collateral security and an effort on his part to get some protection from Munson, the bank allowing the note to stand awhile. Nothing further appears to have been done until December 4th, 1929, when the cashier of the bank again wrote defendant demanding payment of the note. Later a conference was held between counsel for the bank and the defendant, of which nothing came, and finally, on May 12th, 1930, the bank caused the note to be formally protested and the present suit to be brought.

Munson was not produced at the trial as a witness or otherwise examined, with the result that the case lacked circumstantial detail as to the inception of the note and whether it was made known to defendant at the time when it was to be paid or how long it was to be carried. Since it had no provision for the payment of interest on its face, it would seem that defendant could not be charged with implied knowledge thereof. See *Gershman* v. *Adelman,* 103 *N. J. L.* 284, 286, where it is said: "Providing for the payment of interest on a demand note generally shows or indicates that immediate presentment was not contemplated. This fact is generally to be considered in determining whether the note has been presented within a reasonable time."

The failure of the bank to cause the presentment and protest of the note in suit for over three years does appear to involve an unreasonable length of time, especially as it evidently knew for some period prior to May 6th, 1929, that the maker would not or could not pay. Under ordinary circumstances, therefore, it would seem that the endorser would be entitled to the protection of the statute. 3 *Comp. Stat.,* § 71, *p.* 3744.

It is urged, however, that defendant waived presentment and protest by entering into negotiations with the bank officials, at a time when he was charged with knowledge of the fact that the note had not been presented and protested, and that the evidence offered justifies an inference of such waiver. But this appears not to be so. It is said that the law applicable to such conduct is that acts, admissions or promises after maturity, in order to be evidential of a waiver of presentment and notice, or of an excuse for the want of presentment and notice, must be done or made with full knowledge of the discharge from liability upon the contract of endorsement, and must, in form and effect, be unequivocal and unconditional. *Jordan* v. *Reed,* 77 *N. J. L.* 584, 594; also *Glassford* v. *Davis,* 36 *Id.* 348, and *Richardson* v. *Kulp,* 81 *Id.* 123.

In the circumstances of the case, as indicated by the evidence, I am constrained to hold that the plaintiff bank failed to cause presentment of the note within a reasonable time after its issue, and that no adequate proof of the defendant's waiver of presentment and protest was offered.

The foregoing leads to the conclusion that the motion for the direction of a verdict in favor of defendant should be granted. (An exception will be allowed to the court's ruling.) A *postea* may be submitted in accordance herewith.